UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA ANN PERRY,

    Plaintiff,

v.   CASE NO. 8:19-cv-2910-T-SPF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**ORDER**

This cause comes before the Court on Plaintiff's Consent Petition for Attorney Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") (Doc. 20). On May 15, 2020, this Court entered an Order reversing and remanding the case to the Commissioner for further administrative action (Doc. 18). The Clerk then entered judgment in favor of Plaintiff (Doc. 19) As the prevailing party, Plaintiff now requests an award of $5,085.83 in attorney's fees, $400.00 in costs for the filing fee, and $40.00 in expenses for the service of process fees.

In order for Plaintiff to be awarded fees under EAJA, the following five conditions must be established: (1) Plaintiff must file a timely application for attorney's fees;[1] (2) Plaintiff's net worth must have been less than $2 million at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the

---

[1] The plaintiff in a social security case has 30 days beyond the 60-day appeal window to apply for fees and other expenses under the EAJA, for a total of 90 days after judgment. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G); Fed. R. App. P. 4(a)(1)(B); *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1343 (M.D. Fla. 2002). In this case, Plaintiff timely filed her application for fees on July 20, 2020 (Doc. 20).

position of the United States must not have been substantially justified; and (5) there must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); *Commissioner, INS v. Jean,* 496 U.S. 154, 158 (1990); *McCullough v. Astrue*, 565 F. Supp. 2d 1327, 1330 (M.D. Fla. 2008).

Here, the Commissioner does not dispute that Plaintiff has met all the above described conditions. (*See* Doc. 20 at ¶ 9). Further, as Plaintiff contends, the position of the United States was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B). Therefore, Plaintiff has established her entitlement to attorney's fees.

With respect to the amount of attorney's fees, EAJA fees are decided under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson,* 863 F.2d 759, 773 (11th Cir.1988), *aff'd* 496 U.S. 154 (1990). The resulting fee carries a strong presumption that it is the reasonable fee. *City of Burlington v. Dague,* 505 U.S. 557, 562 (1992).

By her petition, Plaintiff seeks an award of attorney's fees in the amount of $5,085.83. The amount is based on a total of 24.9 hours expended by her two attorneys on this matter as follows: 1.8 hours in 2019 at a rate of $204.25/hour for a total of $367.65; 23.1 hours in 2020 at a rate of $204.25/hour for a total of $4,718.18. (Doc. 20 at ¶ 6). Based on the undersigned's own knowledge and experience, the Court concludes that both the hourly rates and the number of hours requested are fair and reasonable. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (stating that "[t]he court, either trial or

2

appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value") (quotation omitted).  Therefore, Plaintiff is awarded attorney's fees in the amount of $5,085.83.

Moreover, it is clear that court costs and expenses are compensable under EAJA. *Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575, at *4 (M.D. Fla. Aug. 14, 2000) ("The EAJA also authorizes the award of 'costs' and 'expenses.' 28 U.S.C. § 2412(a)(1) & (d)(1)(A). It is undisputed that [plaintiff] incurred $150.00 in costs in the form of the filing fee. She is entitled to recover this amount."); *see also Huitt v. Apfel*, No. 99-0712-CB-C, 2000 WL 726914, at *3 (S.D. Ala. May 25, 2000) (finding "plaintiff is entitled to court costs of $150.00 and expenses of litigation in the amount of $56.40" for service of process and certified mail postage). Here, the Court finds that Plaintiff is entitled to recover the $400.00 filing fee paid in this action and the $40.00 service of process fee as costs and expenses reasonably incurred.

If Plaintiff has no discernable federal debt, the government will accept Plaintiff's assignment of EAJA fees (Doc. 20-1) and pay the fees directly to Plaintiff's counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 597 (2010) (discussing the government's practice to make direct payment of fees to attorneys only in cases where "the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney").

Accordingly, and for the reasons set out in Plaintiff's petition, it is hereby

**ORDERED**:

1. Plaintiff's Consent Petition for Attorney Fees (Doc. 20) is **GRANTED**.

2. Plaintiff is awarded $5,085.83 in attorney's fees, $400.00 in costs for the filing fee, and $40.00 in expenses for the service of process fees.

3. The Clerk shall enter an amended judgment accordingly.

**ORDERED** at Tampa, Florida on July 21, 2020.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE